Your Honor, this case presents two central issues. The first is the duty of Wal-Mart as a landowner owed to Mr. Bradley, a business invitee, shopping at their store. The second issue is whether, in order to present evidence of his injury, Mr. Bradley was required to designate his treating physicians as expert witnesses. Well, more than that, isn't it, that he should have some testimony about what cause was? That's correct. More specifically, it's... I mean, it's not a matter of just presenting an expert witness, which, of course, you need to do, but you also have to have some testimony on summary judgment, don't you, that there was some cause. That's right. Something caused it. That's right. That is the cause. And since Your Honor raised the question, I'll address the medical issue before the liability issue. And in fact, Washington law is what we're to apply here, isn't it? That's absolutely correct. And under Washington law, don't you have to have a cause then? Doesn't there have to be some testimony to suggest what the cause is? That is fundamental Hornbook law, Your Honor. And isn't it expert testimony in Washington? I know Idaho, I'm from Idaho, and we're kind of behind the eight ball, and we didn't have any expert testimony necessary until a few years ago when the Supremes finally said that was the way it was. But don't you have to have some expert medical testimony in Washington? Well, in Washington, there's a difference between an expert person and an expert witness. Well, I understand that, but don't you have to have some expert medical testimony to prove that a negligent act caused the injury? Not necessarily. A jury can draw a conclusion based on testimony other than a retained litigation expert as to the cause. Well, I understand that. You can have whoever you want to be your expert. But I guess, again, the expert has to say this caused this injury in Washington. If the injury involves obscure medical factors, the Riggins case tells us that expert testimony is necessary. However, when the cause is susceptible to a layperson's interpretation, for example. Well, but in this case, it seems to me, and I'm, again, focusing on Washington law because that's really what we have to deal with here, it seemed to me that Washington law says expert medical testimony is necessary to prove that a negligent act caused the injury when that injury involves medical factors beyond an ordinary layperson's knowledge. That is true, but we do not have a case here that is beyond an ordinary layperson's knowledge. The facts are that Mr. Bradley walked into that store without an injury, fell down, landed on his shoulder, and then had a shoulder injury. And, in fact, there's no dispute that he had a shoulder injury. But the question is concerning the nature of that injury. It's admitted that his fall caused injury. If a person is snow skiing. Or is there any medical record that says that this was caused by the fall, his injury? There is no medical record that says that before the fall. Is there any testimony that says this injury was caused by the fall? There is not testimony on record. But Mr. Bradley designated in his CR 26A disclosures his medical physicians who would testify. Mr. Bradley also presented medical records. Why didn't we just have an affidavit from one of them that says this is the cause? I suppose in a perfect world we would have. But considering that his physician is at the VA, the ability to get an affidavit from a VA physician on three weeks' notice is a near impossibility in a summary judgment setting. Did you move for a continuance based on the fact you couldn't get your stuff together for summary judgment? No, we did not, Your Honor. But we presented the medical records. That would have been a good thing to do, wouldn't it? I suppose hindsight is 20-20 sometimes. We do have Dr. Beatty's deposition, the defense expert, who agrees that the fall caused a shoulder injury. Well, that's not what he says. I read his testimony, and it says plaintiff sustained a contusion. The mechanism of the fall is not consistent with a fall that normally produces a rotor cuff tear. The plaintiff was predisposed to degeneration. He concedes that there was at minimum a shoulder contusion as a result of the fall and the impact to his shoulder. But he says that the way the fall happened couldn't have caused the tear. That's his opinion. But he put it in the record. We also have Mr. Bradley's testimony. Again, Mr. Bradley is not an expert being able to tell the jury this caused my injury. And therein lies the essence of the issue. We don't need an expert to do that. Mr. Bradley is competent to testify about his own injury, and Washington law says so. If you look at the Riggins case, the court wrote, the injured person is competent to testify about his own injury. The weight of such testimony is for the jury. The trier of fact can draw a conclusion as to the causal link without resort to medical testimony. That's what the Riggins court said, and that is good law today. Mr. Bradley testified that he had no prior shoulder injury. He fell, he landed on his shoulder, and he had a shoulder injury as a result of that. Let me ask you a question. In Washington, when they ask you to give your opinions or expert witnesses, do they also require you to give what they're going to say? No. Not under state law in Washington. And, again, not to feed a dead horse, but we don't need an expert witness. An expert witness is somebody who is retained for the purpose of litigation, and they're only an expert witness by that definition if their opinions are developed in anticipation of litigation. The longstanding rule is that a treating physician is a fact witness, not an expert witness. The law doesn't require us to have a retained litigation expert on this issue. Mr. Bradley can testify. Let me ask you a question. When the lay witness, who is the medical doctor, and I'll suggest that he can be a medical witness as to what he found, how he treated, and that kind of stuff, he can give that kind of testimony, when it terms as to what is the prognosis or what could be the eventual outcome of this particular situation, is that lay testimony? That would be medical testimony, but not necessarily expert testimony, unless developed in anticipation of litigation. And the prognosis is not at issue in this appeal. Well, the cause is. The cause is. And I see that I've got two minutes left, and I haven't even begun to address the liability issue. Do Your Honors have any question about the liability issue, or would you like to hear it? Well, what evidence did you have of knowledge on the part of Walmart of the dangerous condition? Well, we have an affidavit of the dangerous condition. We have an affidavit from Ms. Peel, a Walmart employee, that she saw the water before Mr. Bradley fell. She came to work 19 minutes after he fell. We don't know that, Your Honor. We know what her time card says, but that is really a red herring. It's not relevant as to where she was physically at the time that Mr. Bradley fell or before Mr. Bradley fell. Well, doesn't the affidavit also relate to stuff, at least in it, that happened the day before? The date in Ms. Peel's affidavit says the 25th. We understand that it happened. Actually, it says on or about the 25th. Well, I read it, so that was what made me think, well, that was on the day before, not on the day of. Yes. And unfortunately, there appears to have been a typo in the affidavit that said on or about the 25th, when it should have said on or about the 26th. And the time card that we're talking about is dated the 26th. We all know that these events took place on the 26th. Furthermore, on the notice issue, since Ms. Peel has testified that Walmart employees created the hazard, Mr. Bradley need not show notice, neither actual nor constructive. So notice is firmly in place in this case. We also know it was a dangerous, slippery condition. Ms. Peel described it as dangerous. The eyewitness, Ms. Strobel, said it was slippery, and the slippery floor caused him to fall. Can't the jury infer, based on these witnesses' testimony, that this was a dangerous condition? Well, Mike, I guess, again, I'm back to standard of review. One can say there's water on the floor. Even that that's there has some problem, as we've talked about, but just having water on the floor is not enough. Under Washington law, one has to go further. Water on the floor is not enough. One must show that the water made the floor slippery, and therefore he slipped on that water. That's exactly correct, and that's why we have two eyewitnesses and one employee saying so. Okay. Thank you. Good morning. May it please the Court, my name is Colin Folon, attorney for defendant Pepele, Walmart Stores Incorporated. This case is controlled by settled law of Washington and the Ninth Circuit. The trial court followed the law and properly dismissed this case on two bases. One was liability, and the other was the plaintiff's rotator cuff tear, and the trial court was correct. This court should affirm. In Washington, and this case is controlled by Washington law, the plaintiff cannot get a negligence case to a jury simply by establishing the presence of water on the floor and a fall. The plaintiff has to go further, as this court recognized in the Kangli case in 1986. The plaintiff has to show proof that the defendant knew or should have known that water on a particular floor would have made it unreasonably dangerous, and that water on the particular floor did make it unreasonably dangerous. And the plaintiff has to do this with proof more than the presence of water on the floor and more than the fact of the fall. In this case, that's all the plaintiff presented. There was no expert testimony. There was no facts or data regarding coefficient. Roberts. Well, there's Washington. I didn't see any Washington cases saying that you have to go into the composition of the floor and why it's unusually susceptible to slipperiness when wet and things like that. I haven't seen any of that. Well, Your Honor, we would point to several of the cases. The first, of course, in the line of authority in Washington is the Shoemaker case. That's the case where the Washington Supreme Court recognized that water on a cement floor was not negligence. That was the case where you had vegetable vendors who were spritzing their wares and washing their vegetables so as to actually throw additional water on the floor. And in that case, the Court soundly rejected it, recognizing that that wasn't enough. That case was followed by, among others, the Brandt case. But before that, the Knopp case actually dealt with the quality of the floor. And in Knopp, as the Court will recall, there was testimony from an architect about the quality of a terrazzo floor, and that architect testified that it was too smooth for the type of use. But that wasn't enough for the Washington Supreme Court. They recognized that was a mere expression of personal opinion without facts or data to get that issue to the jury. And so, Your Honor, you do have to show why that particular flooring or something else, if there's some other substance in the water, will get that to the jury on negligence. In this case, we have nothing like that. My worry is, I join my colleague, I'm not so big on what Washington law says, or I don't think Washington law says you have to show that the particular floor necessarily is slippery because of the water. But, I mean, what worries me is you put water on the floor, but what we're really talking about is negligence. What negligence did your client have by having the water on the floor? And that's why I'm worried. I mean, if I give the plaintiff every benefit of the doubt, the fact that Peel notices a dangerous condition where the shopping carts are kept, there's a lot of water on the floor dripping from the carts, she tells another person to clean up the floor, and therefore, we have this particular situation. I'm having a tough time understanding why that isn't, on summary judgment, negligence. It's not a hazardous condition under Washington law, Your Honor. In this case, and we refer to the cases that are directly on point. First of all, the Knopp cases I've discussed. And there's no case in Washington, nor a case cited to this court, in which this... Are you suggesting that you have to have an expert say that by having negligence or by having water on the floor in that particular place that that's negligence? Are you saying you need an expert to say that? That's one way. Unfortunately, in this case, the plaintiff provided no such evidence. Another might be if the plaintiff submitted sufficient identical evidence of prior incidents. We have nothing like that in the record. Can you present prior incidents in Washington? Well, in this case, Your Honor, we have nothing. We have no prior incidents. We have no experts. We have no facts or data regarding coefficient of friction or why water on this floor is somehow unreasonably dangerous. The plaintiff has provided nothing other than water and a fall. And the cases are uniform in holding that that is not enough. The Brandt case did specifically recognize that there was not testimony about the type of flooring. So we submit respectfully that the plaintiff must at least get to that issue if all they have is water on the floor, which is all that we have here. To address Your Honor's question about the ---- My worry is that it seems to me how Washington is big for rain, except for the days I've been here. This time it's pretty hot. I mean, there's going to be water all over. And so water on the floor in Washington wouldn't necessarily be bad. But what I'm worried about is, so we've got to prove the negligence. The fact that water is on the floor is not enough, but the negligence for it being there. And wouldn't Peel's affidavit be enough to show negligence, that these carts were there and they had been outside and she told somebody to clean it up and then somebody falls thereafter from the same water? Isn't that enough on summary judgment? No, Your Honor, it's not. Because, again, all that the Peel Declaration does at best is indicate that there was water on the floor at some time. And, again, we must remember the context in which the Peel Declaration is made. It specifically qualifies a testimony by saying, while I was working, Ms. Peel didn't start working until nearly 20 minutes after Mr. Bradley completed his witness statement. And so the condition that Ms. Peel describes, it's speculative, as Judge Burgess correctly recognized, to say that that gets us to negligence. And, again, looking to the Knopp case, that's simply not enough to have a mere expression of personal opinion that it was slippery. We have to go further when all we have is water on the floor. The Brandt case made a- Are we safe in making a time card ironclad, irrebuttable proof when somebody started work? In this case, yes, Your Honor, because it's not been rebutted. The plaintiff provided no evidence, no testimony whatsoever that rebutted that time card. So that is undisputed before this Court. Here we have more than Ms. Peel. We have Michelle Strobel who says the slippery floor caused him to slip and come down on the left side. We have Cindy Ford said he went down hitting his head hard. And all of those two declarations, or those statements rather, even if admissible, get us nothing more than what we had in Shoemaker, which is, again, in Shoemaker, the seminal case in which the plaintiff walked into a wet cement floor where there was water everywhere, placed there by the agents or the landowner, and violently fell, slipped and fell. All that we have from those two statements is water on the floor and a slip and fall, which is clear law in Washington. That's not enough. I'd also like to address the Court's issues about the other basis, although we don't have to get there because the trial court was correct to dismiss on liability. But in this case, the plaintiff provided no testimony whatsoever to establish causality between the fall and a rotator cuff tear. It's not accurate to say that the plaintiff's testimony is enough in this case. Riggins is clear in that case, set forth a rule that you need to have testimony where you have an injury outside the ordinary understanding of the layperson to get that aspect of damages to the jury. But isn't the plaintiff really arguing, and I put him under question about this, but isn't the plaintiff really arguing no injury before I got there, injury after I got there? That's not beyond the ordinary situation. It would be an ordinary situation a jury can make the determination. We have to make a distinction, though, between testimony about general damages and testimony about a specific medical incident. This is a rotator cuff tear. This is something that's internal. The jury can't see that. They can't perceive it. Dr. Beatty testified, and his testimony is unrebutted, that this kind of fall was not consistent with the injury. And in addition, even if the four pages of medical records that the plaintiff submitted in opposition, and that's the only thing that the plaintiff submitted in opposition, even if those were admissible, none of those make any statement whatsoever as to causation. There's a difference between a contusion, which Dr. Beatty doesn't dispute, and a rotator cuff tear. The plaintiff isn't entitled to recover for that and send that to the jury in this case. So, Your Honors, we respectfully submit that this case was decided on settled law. The trial court followed the law, and this Court should affirm. I suppose if there were liability, you can recover for a contusion, I suppose. That would be different, though, than recovering for damages relating to a rotator cuff tear. And again, the Riggins case is a good example, because in that case you had a plaintiff who had her own testimony plus expert testimony that got her a knee surgery.  But her headaches, post-incident headaches, where all that you had was her own testimony, that was not sufficient. And so in this case, where Mr. Bradley is complaining of pain for his shoulder, but he's got evidence of an injury that's not consistent with the mechanism of the fall, that doesn't get to the jury. So in this case, his shoulder complaints were properly dismissed, and this Court should affirm.  Thank you, Your Honor. I think you used all your time, so I appreciate your argument. Case 08-35271, Bradley v. Walmart Stores, is submitted.
judges: Canby, Thompson, Smith N. R.